# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>THREE UNKNOWN GUARDS OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et. al.,<br><br>    Defendants. | 1:16-cv-01467-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT, AS AMENDED, WITH LEAVE TO AMEND<br>(ECF Nos. 1, 14)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br>(ECF No. 15)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Antonio Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 11)

Plaintiff's complaint, filed on September 30, 2016, as amended on November 17, 2016, is currently before the court for screening.[1]

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

---

[1] Plaintiff's document entitled "Amended Complaint" states that he only requests that the Court correct the date of the incident giving rise to his complaint from May 6, 2016 to May 16, 2016. (ECF No. 14) Plaintiff's request is granted.

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. The events in the complaint are alleged to have occurred at PVSP. Plaintiff names the following Defendants: (1-3) three transportation guards of California Department of Corrections and Rehabilitation ("CDCR") and (4) CDCR. Plaintiff alleges as follows:

On May 16, 2016 Plaintiff arrived by bus at PVSP. The bus was parked in front of the Receiving and Release building. While Plaintiff and another inmate were being led off the bus, the bus moved forward, causing Plaintiff, the other inmate, and an unknown guard to be thrown

2

off their feet. The Plaintiff was wearing handcuffs, belly chains, and feet shackles at the time. Plaintiff sustained multiple injuries, including a re-injury to his recently operated-on right Achilles tendon. His injuries were documented within ten minutes of the accident. These transportation guards failed to communicate and did not follow procedures while Plaintiff was being escorted down the aisle of the bus. The guards failed to provide a reasonable amount of safety.

Plaintiff was injured while being escorted off of the bus. Because of his recent surgery, and the abrupt fall while being incapacitated with handcuffs, belly chains and ankle shackles, Plaintiff immediately recognized the extreme pain and re-injury to his Achilles tendon. Although Plaintiff suffered several cuts and abrasions, his primary concern was the re-injury. Plaintiff stated this to the guards while they were arguing over miscommunication. Plaintiff asked to be attended to by medical staff immediately. Plaintiff's pleas were ignored. After sustaining a severe re-injury and multiple other injuries, these two unknown guards lifted Plaintiff up and moved him against his will. The guards without any medical training allegedly violated Plaintiff's right to medical care by lifting him up and moving him.[2]

Upon arrival inside Receiving and Release, Plaintiff was sent to an examination room. As his attending nurse was documenting his outward injuries, and was inquiring about his fall on the bus and recent surgery, "unknown guard 'c' intimidated the nurse to quit asking questions and process [Plaintiff] immediately[,] thereby denying [Plaintiff's] right to reasonable medical care."

Plaintiff requests $250,000 in compensation. Plaintiff also wants the three unknown guards to never be able to "treat another prisoner this way." Plaintiff wants CDCR to increase training on transportation and on the movement of injured prisoners.

///

---

[2] Plaintiff's allegation suggests that the first two unknown guard he is bringing a claim against are the two unknown guards who lifted him up. It also appears from his allegations that these were the same people as the unknown guard who was thrown off their feet, and the unknown guard bus driver.

If Plaintiff elects to amend his complaint, he should specify which guards are the defendants using their names so that his allegations are clear. To the extent he does not know their names, he may use an identifying term, such as "Unknown Guard 1, Unknown Guard 2," et cetera.

### III. Deficiencies of Claims

#### A. Failure to Protect

Plaintiff alleges that he was injured when he fell on a prisoner transportation bus began moving while he was being escorted down the bus's aisle.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). Thus, prison officials have a duty under the Eighth Amendment to take reasonable steps to protect inmates from physical harm. Farmer v. Brennan, 511 U.S. 825, 832–33, 114 S. Ct. 1970 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This showing involves subjective and objective components: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. The question under the Eighth "Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)). Mere negligence or civil recklessness does not violate the Eighth Amendment. See Farmer, 511 U.S. at 835–47.

Plaintiff has not stated a cognizable claim against any guards based on his fall while being escorted off the bus. Plaintiff alleges that he fell because the bus began moving due to a miscommunication or failure to communicate between the guards. This does not allege that the guards were aware of a serious risk and then ignored the risk. Rather, at most Plaintiff has pleaded that the guards were aware of a need to escort the inmates off of the bus safely, but were negligent. Negligence is not a violation of the Eighth Amendment.

Furthermore, while the premature movement of a vehicle poses some risk of harm to its occupants, it does not generally pose a "*substantial* risk of *serious* harm." Farmer, 511 U.S. at 834 (emphasis added). Here, Plaintiff suggests that his recent operation on his Achilles tendon may have created a substantial risk of serious harm to him from a fall. However, Plaintiff has not alleged that any of the guards were aware of the facts suggesting such a risk, or that they in fact inferred there was a significant risk of harm to Plaintiff. Therefore, even if his allegations are liberally construed, Plaintiff has failed to state a claim based on his fall. Plaintiff will be permitted an opportunity to amend this claim to the extent he may do so in good faith.

### B. Deliberate Indifference to Serious Medical Needs

Plaintiff also complains that the three unknown guards failed to provide reasonable medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 S.Ct. 1970 (1994).

///

### 1. Deliberate Indifference for Picking up and Moving Plaintiff

Plaintiff claims that after falling on the bus and injuring his Achilles tendon, he informed the two guards of his injury, and asked to be attended to by medical staff. The guards ignored his request, lifted him up, and moved him to Receiving and Release, where he was sent to an examination room and was attended to by a nurse.

Liberally construed, Plaintiff's allegations that his fall had re-injured his Achilles tendon and caused him extreme pain, are sufficient to show a serious medical need. However, Plaintiff has not alleged facts showing that the guards were aware of facts showing a substantial risk of serious harm by moving Plaintiff, or that the guards made that inference and disregarded it. Plaintiff alleges that the guards picked Plaintiff up in order to move him to Receiving and Release, where he was then sent to an examination room to be attended to. This instead infers an attempt by the guards to address Plaintiff's medical needs. Plaintiff will be permitted leave to amend these claims, to the extent he may do so in good faith.

### 2. Deliberate Indifference for Intimidating Plaintiff's Nurse

Plaintiff has also failed to state a cognizable claim against the guard he identifies as Unknown Guard "C". Plaintiff alleges that when a nurse documented his injuries and was inquiring about the fall, Unknown Guard C "intimidated the nurse to quit asking questions and process [Plaintiff] immediately." Even taking Plaintiff's allegations as true, he has not sufficiently alleged any harm from the guard's intimidation. Plaintiff has not alleged facts showing that the guard's acts prevented the nurse from treating Plaintiff's injuries. Plaintiff will be permitted an opportunity to amend this claim to the extent he may do so in good faith.

### C. Claims against CDCR

Plaintiff has named CDCR as a Defendant. The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). Suits for injunctive relief are also generally barred. See

Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002). State agencies, such as CDCR, are also generally immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

Defendant CDCR is a state agency, and thus it has immunity from suit under the Eleventh Amendment. Here, Plaintiff specifically seeks prospective, or future, injunctive relief against CDCR in the form of additional training of the defendant guards. A plaintiff may name a state official to obtain prospective, injunctive relief. "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). However, the plaintiff must identify the law or policy challenged as a constitutional violation, and name the official within an entity who can appropriately respond to injunctive relief. Id. (citing Los Angeles County v. Humphries, 562 U.S. 29, 30, 131 S. Ct. 447, 452, 454, 178 L. Ed. 2d 460 (2010)).

In this case, Plaintiff has not identified any policy or custom that caused a violation of his Constitutional rights, nor has he named a state official who can appropriately respond to injunctive relief. Plaintiff will be granted leave to amend this claim, and must name an appropriate defendant.

### D. Doe Defendants

Plaintiff names three unknown guards as Doe Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### E. Exhaustion of Administrative Remedies

In the section of Plaintiff's complaint discussing the exhaustion of administrative remedies, Plaintiff states that his appeal was cancelled because of a 30-day time limit, that he appealed that decision, and that the appeal was denied.

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate ... can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id. A cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the

screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

From the face of the complaint, it appears Plaintiff has failed to exhaust his administrative remedies because his appeal was cancelled for failure to comply with the applicable time limit. If Plaintiff chooses to amend, he must allege facts to show that he has in fact exhausted administrative remedies, or that his failure to exhaust should be excused because administrative remedies were effectively unavailable to him, to the extent he can do so in good faith. Otherwise, his complaint is subject to dismissal, without prejudice, for the failure to exhaust available administrative remedies.

**IV.     Appointment of Counsel**

By a separate motion filed shortly after Plaintiff amended his complaint, Plaintiff has requested appointment of counsel to assist him in pursuing his claims. (ECF No. 15.)

"There is no constitutional right to appointed counsel in a section 1983 action." Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).

However, in exceptional circumstances, counsel may be appointed for "indigent civil litigants". United States v. 30.64 Acres of Land More or Less, Situated in Klickitat County, State of Washington, 795 F.2d 796, 799 (9th Cir. 1986); 28 U.S.C.A. § 1915(e)(1) (1996). Determining whether exceptional circumstances are present requires weighing "the likelihood of success on the merits," and the plaintiff's ability to "articulate his claims *pro se* in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

As explained above, Plaintiff's complaint fails to state a cognizable claim against any of the Defendants, and it is being dismissed with leave to amend. Therefore, the Court cannot find

any likelihood of success on the merits at this early stage, and the case does not yet proceed on any cognizable claims. Nevertheless, the record reflects that Plaintiff is able to reasonably articulate himself in his filings, and Plaintiff's motion for appointment of counsel was also understandable and supported by relevant legal citations. Furthermore, the legal issues of this case are not significantly complex or unique. Therefore, Plaintiff's request for counsel is denied, without prejudice.

**CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint, as amended, has not stated any cognizable claims. The Court will grant Plaintiff an opportunity to file a second amended complaint to attempt to cure the deficiencies identified above which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint must be filed within thirty (30) days of the date of service of this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, an amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed May 1, 2017 (ECF No. 15), is denied, without prejudice;
2. Plaintiff's complaint, filed September 30, 2016 (ECF No. 1), as amended on November 17, 2016 (ECF No. 14), is dismissed with leave to amend;

3. The Clerk's Office shall send a complaint form to Plaintiff;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal; and

5. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for the failure to state a claim, to obey a court order, and to prosecute.**

IT IS SO ORDERED.

Dated: **June 9, 2017**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE