# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>THREE UNKNOWN GUARDS OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et. al.,<br><br>Defendants. | 1:16-cv-01467-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 22)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's second amended complaint, filed on October 6, 2017, is currently before the court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff names (1) Transportation Officer Doe 1; (2) Transportation Officer Doe 2; (3) Receiving & Release Officer Doe 3; (4) Registered Nurse F. Rojas; and (5) Does 4-10, as Defendants.

Plaintiff alleges as follows: On May 16, 2016, Plaintiff was transferred to Pleasant Valley State Prison by bus. After his arrival, Plaintiff was preparing to exit by having his foot shackles removed, and the bus moved forward, causing Plaintiff, another inmate, and Office Doe 1 to be thrown off their feet. Plaintiff was still wearing handcuffs, belly chains, and feet shackles. Officers Doe 1 and Doe 2 (the bus driver) began to argue. Officer Doe 1 asked Doe 2, "Why did you do that? This guy [referring to Plaintiff] got hurt." (Doc. 22, at 8.)

Plaintiff sustained multiple injuries, including a re-injury to his right Achilles tendon, which had recently been operated on. Plaintiff informed both Transportation Officers Doe 1 and Doe 2 of his recent operation, and asked for a little bit of time to recoup from the fall. Plaintiff was in extreme pain, and appraised the guards of his pain in his tendon, cuts, and abrasions. Plaintiff asked to be attended by medical staff, but was ignored while the officers argued.

The officers then violently lifted Plaintiff up and moved him off the bus floor against his will, causing noticeable pain and discomfort. Despite an assigned RN being posted inside of the R&R building, no medical staff was immediately summoned. Officer Doe 2 then sent Plaintiff to the R&R nurse. Upon arriving inside, Plaintiff was sent to an examination room. Plaintiff was seen by Defendant F. Rojas, the RN. Plaintiff observed Defendant Rojas writing on some forms as the nurse inquired about the fall, Plaintiff's recent surgery, and medical history.

During this interaction, Receiving & Release Officer Doe 3 interrupted and compelled the nurse to quit asking questions and process Plaintiff. Officer Doe 3 spoke to the nurse in an intimidating manner and tone. The RN replied, "Let me do my job," but the RN did cease the inquiry and processed Plaintiff immediately. The nurse did not provide any medicine for Plaintiff's pain and discomfort. No bandages were provided for Plaintiff's injuries, nor was any follow-up referral scheduled with a primary care physician, which would have been the normal practice. The nurse's failure to document the fall on some forms caused delay in medical care. Plaintiff normally would have had a follow-up within 2 weeks, but instead he had to submit his own follow-up request, which took about two months.

Later, Plaintiff procured a few of the CDCR forms filled-out by Defendant Rojas. On one form, CDCR 7277, the RN did not document anything about the fall incident. The RN answered a question about any special health care needs or current medical complaints in the negative. The RN did not properly document Plaintiff's primary language.

Plaintiff continued to suffer pain and distress, and had to follow-up on his own multiple times by submitting health care requests. Does 4-10 are all involved in some fashion or another.

Plaintiff seeks compensatory and punitive damages, and training for the Defendants.

///

### III. Deficiencies of Claims

#### A. Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Does 4-10 to any specific defendant to any deprivation of his rights. Plaintiff states that he believes some unidentified people are involved in "some fashion or another," but states no factual allegations involving them. Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Therefore, the undersigned will recommend that Doe Defendants 4-10 be dismissed.

#### B. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that

failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 S. Ct. 1970 (1994).

Liberally construed, Plaintiff has sufficiently stated a claim for deliberate indifference to a serious medical need against Receiving & Release Officer Doe 3 and Defendant F. Rojas, RN. Plaintiff alleges facts that both defendants were aware of a serious medical need because he discussed his fall, his surgery, his injuries, and his pain and medical condition with them or in their presence. Officer Doe 3 responded by interfering with Plaintiff's treatment and urging the nurse to process Plaintiff and to cease treating him, and Defendant Rojas responded by ceasing treatment and intake, failing to provide any care for his pain and injuries, and failing to refer Plaintiff for follow-up medical care. Plaintiff also alleges that these actions resulted in a delay in treatment, which in turn resulted in prolonged pain and suffering for several additional weeks.

Plaintiff has not stated any claim against Officer Does 1 and 2. Plaintiff contends that Does 1 and 2 violated his constitutional rights by moving him when they were not properly trained to do so, and that they should have summoned medical staff to consult before moving him into the R&R building to be seen by the nurse. At most, Plaintiff may have pleaded facts that suggest negligence in the officers' movement of Plaintiff and in their method of summoning aid for him, but do not show deliberate indifference under the standards explained above. The alleged facts plausibly suggest an attempt by the guards to address Plaintiff's medical needs, however flawed. Despite being provided with the relevant pleading and legal standards applicable to his claim, Plaintiff has been unable to cure the identified deficiencies here, and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### C. State Law Claims

In addition to the federal claim discussed above, Plaintiff alleges several state law tort claims. The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a).

However, to bring a tort claim under California law, a plaintiff must also allege compliance with the California Government Claims Act ("Act"). Under the Act, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; *see also Klein v. City of Laguna Beach*, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (2004).

Plaintiff has not plead any facts discussing compliance with the Act, and therefore the undersigned will recommend that the state law tort claims be dismissed, without prejudice.

### D. Doe Defendants

Plaintiff names certain unknown officers as Doe Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

Plaintiff may be able to identify the Doe officers from incident reports, rules violation reports, medical records, or other documents available in his central file, which may be available upon request from the prison officials, without court intervention. If Plaintiff's case is ordered to proceed on any claim against an unnamed Doe Defendant by the District Judge, the Court will issue an order giving further instructions and information, and setting a deadline for Plaintiff to identify the Doe Defendant(s).

### E. Exhaustion of Administrative Remedies

In the section of Plaintiff's complaint discussing the exhaustion of administrative remedies, Plaintiff checks boxes indicating he has exhausted all administrative remedies, but also discusses that his grievance was cancelled.

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate ... can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. *See* Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. *Id*. A cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b); *see also Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

Here, Plaintiff alleges that his appeal was cancelled based on a 30-day time limit, that he appealed the cancellation, and that the cancellation was denied. Plaintiff further alleges that he had issues filing his grievance due to problems identifying the defendants, which was caused by a delay in CDCR producing necessary records. Plaintiff also alleges that the grievance he submitted eventually resulted in an investigation, and that the matters were reviewed by the

7

Hiring Authority on September 16, 2016. Plaintiff contends that due to the investigation, at least some relief was granted.

At this stage, it appears Plaintiff's claim may be subject to dismissal, without prejudice, due to the failure to exhaust his administrative remedies. However, Plaintiff has pleaded facts which may raise a dispute about this matter. Therefore, the Court cannot determine from the face of the complaint alone whether Plaintiff's claim is subject to dismissal on those grounds.

### F. Scope of Relief

In Plaintiff's prayer for relief, he seeks that the Court impose requirements for increased training of CDCR officers on various matters involving transporting injured prisoners, including movement, examinations, and summoning medical aid.

In any civil action involving prison or jail conditions seeking prospective relief, the Court will grant only the relief necessary to correct the violations of the rights particular to the case. 18 U.S.C § 3626(a)(1)(A). "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id*.

In this case, CDCR is not a party to this action, and the relief Plaintiff seeks extends well beyond the scope of this litigation and the jurisdictional reach of this Court.

### CONCLUSION, ORDER AND RECOMMENDATION

Plaintiff's complaint states a cognizable claim against Receiving & Release Officer Doe 3 and Registered Nurse F. Rojas for deliberate indifference in violation of the Eighth Amendment. However, Plaintiff fails to state any other cognizable claims. Therefore, all other claims and defendants should be dismissed, for the reasons explained above.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

///

///

///

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint against Receiving & Release Officer Doe 3 and Registered Nurse F. Rojas for deliberate indifference in violation of the Eighth Amendment;

2. Transportation Officer Doe 1, Transportation Officer Doe 2, and Does 4-10 be dismissed for the failure to state a cognizable claim against them; and

3. Plaintiff's state law claims be dismissed, without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 15, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE