# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>F. ROJAS, et. al.,<br><br>        Defendants. | No.: 1:16-cv-01467-DAD-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION TO SUBSTITUTE THE DOE DEFENDANT(S) OR FILE A REQUEST FOR A RULE 45 SUBPOENA<br><br>**FORTY-FIVE DAY DEADLINE** |

## I. Introduction

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 15, 2018, the Court screened Plaintiff's second amended complaint, and issued findings and recommendations recommending that his action proceed against Registered Nurse F. Rojas and Officer Doe #3 for deliberate indifference in violation of the Eighth Amendment. (Doc. No. 24.) Officer Doe #3 is described in Plaintiff's second amended complaint as a receiving and release officer employed at Pleasant Valley State Prison on May 16, 2016. (Doc. No. 22, at 3, 9.

Regarding Officer Doe #3, the Court advised Plaintiff that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

1

Cir. 1980). Further, John Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his pleading to substitute names for John Doe or Jane Doe. (*Id*. at 6.) Plaintiff was also advised that he may be able to identify a Doe officer from incident reports, rules violation reports, medical records, or other documents available in his central file, which should be available upon request from the prison officials without any necessary court intervention. (*Id*.)

On October 15, 2018, the District Judge adopted the above-described findings and recommendations in full. Thus, this case now proceeds on Plaintiff's second amended complaint against Registered Nurse F. Rojas and Officer Doe #3 for deliberate indifference in violation of the Eighth Amendment. (Doc. No. 27.) The District Judge dismissed all other claims and defendants, and referred this matter back to the undersigned for further proceedings.

By separate order, the Court directed Plaintiff to submit documents for service of the second amended complaint on Defendant Rojas. (Doc. No. 28.) The Court now finds it appropriate to further advise Plaintiff regarding his duty to identify Officer Doe #3 for service of process.

**II.     Discovery of Doe Defendant Identity**

As previously explained to Plaintiff, his first step in identifying Officer Doe # 3 should be to use any resources available to him without court intervention, to the extent he has not done so. This includes, but is not limited to, information from incident reports, rules violation reports, medical records, or other documents in his central file, which may be available upon request from the prison officials.

Rule 45 of the Federal Rules of Civil Procedure also permits issuance of a subpoena to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may also grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Plaintiff shall be permitted forty-five (45) days from the issuance of this order to either (1) file a motion for leave to amend his second amended complaint to substitute the identity of Officer Doe #3 in this action; or (2) file a request for a Rule 45 subpoena to obtain the information necessary to identify Officer Doe #3. If Plaintiff files a Rule 45 subpoena request, he must meet the standards addressed above. He must specifically describe the person or entity that the subpoena will be directed to, and the document or other information that he requires and must describe the efforts he undertook to obtain the information without court intervention.

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall, within **forty-five (45) days** of the date of service of this order, either

    (a) file a motion for leave to amend his second amended complaint to substitute the identity of Officer Doe #3 in this action; or

    (b) file a request for a Rule 45 subpoena to obtain the information necessary to identify Officer Doe #3; and

///

///

///

2. **Plaintiff is warned that his failure to comply with this order will result in a recommendation to dismiss Officer Doe #3 from this action**.

IT IS SO ORDERED.

Dated: **October 24, 2018**      /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE