# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>F. ROJAS, et. al.,<br><br>          Defendants. | No.: 1:16-cv-01467-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS AND DISMISSAL OF ACTION<br><br>(Doc. Nos. 29, 32)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Registered Nurse F. Rojas and Officer Doe #3 for deliberate indifference in violation of the Eighth Amendment. (Doc. No. 24.) Officer Doe #3 is described in Plaintiff's second amended complaint as a receiving and release officer employed at Pleasant Valley State Prison on May 16, 2016. (Doc. No. 22, at 3, 9.)

On October 24, 2018, the Court issued an order further advising Plaintiff on his duty to identify Officer Doe #3 for service of process, with information and the applicable rules as guidance. (Doc. No. 29; see also Doc. 24 (informing Plaintiff that Doe Defendants must be identified.)) In addition, the Court ordered Plaintiff to provide, within forty-five (45) days, a motion for leave to amend his pleading to substitute the identify of Officer Doe #3, or a request to obtain the information necessary to identify Officer Doe #3. (*Id*. at 3-4.) That deadline passed, and Plaintiff did not comply with the Court's order or otherwise communicate with the

1

Court.

On December 27, 2018, the Court ordered Plaintiff to provide written notice identifying Officer Doe #3, requesting information to identify Officer Doe #3, or to show cause why that defendant should not be dismissed from this action. (Doc. No. 32.) Plaintiff was given fourteen days to comply. (*Id*. at 2.) Plaintiff was also expressly warned that his failure to comply with the Court's order would result in dismissal of Officer Doe #3. (*Id*.) The deadline has now passed, and the Court has received no response to the order to show cause.

**II.  Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421–22.

In this case, Plaintiff has been granted multiple opportunities to provide sufficient information to identify Officer Doe #3, so that the United States Marshal may serve the

summons and complaint. Over three months have passed since Plaintiff was first directed to provide the Court with identifying information for that Doe Defendant, and Plaintiff has failed to provide that information.

Despite repeated warnings that failure to comply with the Court's orders would result in dismissal of Officer Doe #3, Plaintiff has not complied with those orders or otherwise communicated with the Court. Although a Doe Defendant may be sufficient to survive screening, that Doe Defendant must be identified and served for the matter to proceed against that party. This cannot be done without Plaintiff's cooperation.

In sum, Plaintiff has failed to provide sufficient information to identify Officer Doe #3 so the United States Marshal may serve the summons and complaint, and has failed to set forth good cause for his failure to identify that Defendant.

**III. Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Officer Doe #3 be dismissed for the failure to serve with process, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE