UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>F. ROJAS, et al.,<br><br>          Defendants. | Case No. 1:16-cv-01467-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR SPANISH INTERPRETER<br><br>ORDER DIRECTING DEFENDANT TO MEET AND CONFER WITH PLAINTIFF<br><br>(ECF No. 42) |

       Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

       Currently before the Court is Plaintiff's motion for appointment of counsel and for Spanish interpreter, filed on April 18, 2019. (ECF No. 42.) Plaintiff asserts that he needs the assistance of a court-appointed attorney and a court-appointed Spanish interpreter at the April 30, 2019 settlement conference because having a Spanish interpreter at the settlement conference will allow him to understand the full import of the proceedings and having counsel will ensure that someone who is more knowledgeable in the law than Plaintiff can make sure that Plaintiff's rights are not further trampled on.

       However, first, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any

attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Initially, while the Court has screened Plaintiff's second amended complaint and determined that Plaintiff has alleged a cognizable claim for deliberate indifference against Defendant Rojas, Plaintiff has failed to provide the Court with any evidence establishing that there is a strong likelihood that Plaintiff will succeed on the merits of his deliberate indifference claim. Further, the record reflects that Plaintiff can adequately articulate his claim and the issues raised in this case are not particularly complex. Therefore, the Court fails to find the exceptional circumstances necessary to justify granting a request for voluntary assistance of counsel.

Second, "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress …" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (internal quotation marks and citation omitted). The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. 28 U.S.C. § 1915; Loyola v. Potter, Case No. C 09-0575 PJH, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."). Further, Plaintiff has failed to allege any facts demonstrating that he is entitled to a court-appointed Spanish interpreter as an accommodation pursuant to the Americans with Disabilities Act. Therefore, the Court finds that Plaintiff has not established that this Court has the authority to appoint a Spanish interpreter to assist him at the April 30, 2019 settlement conference.

//

Accordingly, Plaintiff's motion for appointment of counsel and for Spanish interpreter, (ECF No. 42), is HEREBY DENIED, without prejudice.

The Attorney for Defendant should meet and confer with Plaintiff and inform the Court whether a language barrier would make the settlement conference not fruitful.

IT IS SO ORDERED.

Dated: **April 22, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE