# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>F. ROJAS, et al.,<br><br>          Defendants. | Case No. 1:16-cv-01467-DAD-BAM (PC)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTIONS LATE FOR GOOD CAUSE<br>(Doc. Nos. 37, 39, 40)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(Doc. Nos. 33, 38)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S REQUEST FOR A RULE 45 SUBPOENA<br>(Doc. No. 38) |

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motion for leave to file objections late for good cause, filed on February 19, 2019, and the Court's January 23, 2019 Findings and Recommendations to dismiss Defendant Officer John Doe # 3 for failure to serve with process. (Doc. Nos. 33, 37.)

**I.    Relevant Background**

This action currently proceeds against Registered Nurse F. Rojas and Officer Doe # 3 for

1

deliberate indifference in violation of the Eighth Amendment. (Doc. No. 24.) Officer Doe # 3 is described in Plaintiff's second amended complaint as a receiving and release officer employed at Pleasant Valley State Prison on May 16, 2016. (Doc. No. 22, at 3, 9.)

In the Court's June 15, 2018 Findings and Recommendations, Plaintiff was advised that he may be able to identify Officer Doe # 3 from documents located in his central file, which may be available upon request from prison officials, without court intervention. (Doc. No. 24, at 6.) On October 24, 2018, the Court issued an order further advising Plaintiff on his duty to identify Officer Doe # 3 for service of process and requiring Plaintiff to file, within forty-five (45) days, either a motion for leave to amend his second amended complaint to substitute the identify of Officer Doe # 3 in this action or a motion for a Rule 45 subpoena to obtain the information necessary to identify Officer Doe # 3. (Doc. No. 29.) That deadline passed, and Plaintiff did not comply with the Court's order or otherwise communicate with the Court.

Consequently, on December 27, 2018, the Court issued an order directing Plaintiff to, within fourteen (14) days from the date of service of the order, either file a motion for leave to amend his pleading to substitute the identify of Officer Doe # 3, file a request to obtain the information necessary to identify Officer Doe # 3, or show cause in writing why Officer Doe # 3 should not be dismissed from the action. (Doc. No. 32.) Plaintiff was expressly warned that his failure to comply with the Court's December 27, 2018 order would result in the dismissal of Officer Doe # 3. (*Id.*) That deadline passed, and Plaintiff did not comply with the Court's order or otherwise communicate with the Court.

Therefore, on January 23, 2019, the Court issued Findings and Recommendations recommending that Officer Doe # 3 be dismissed, without prejudice, for the failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 33.) Plaintiff was informed that he could file Objections to the Findings and Recommendations within fourteen (14) days after service. (*Id.*)

On February 8, 2019, Defendant Rojas filed an answer to Plaintiff's second amended complaint. (Doc. No. 35.)

On February 12, 2019, the Court issued an order referring this case to post-screening

Alternative Dispute Resolution and staying this case for a period of 90 days so that the parties could participate in a settlement conference. (Doc. No. 36.)

On February 19, 2019, Plaintiff filed Objections to the January 23, 2019 Findings and Recommendations and a motion for leave to file late objections for good cause. (Doc. Nos. 37, 38.) On March 11, 2019, Defendant Rojas filed an opposition to Plaintiff's motion for leave to file late objections. (Doc. No. 39.) On March 27, 2019, Plaintiff filed a reply to his motion for leave to file late objections. (Doc. No. 40.)

On April 30, 2019, the settlement conference was held, and this action did not settle.

On May 13, 2019, the 90-day stay of this action expired.

## II. Discussion

### A. Plaintiff's Motion for Leave to File Objections Late for Good Cause

In his motion, Plaintiff first contends that his Objections to the Court's January 23, 2019 Findings and Recommendations are not untimely because, under the prison mailbox rule, he constructively and timely filed his objections on February 6, 2019. Plaintiff further asserts that, if the Court finds that he did not timely file his objections on February 6, 2019, the Court should find that Plaintiff has established good cause for late-filing his objections and consider the merits of his objections.

Plaintiff's motion is supported by the declaration of Jose Carlos Rodriguez, an inmate who is providing legal assistance to Plaintiff. (Doc. No. 37, at 3.) In his declaration, Mr. Rodriguez states that, on February 6, 2019, he gave Officer T. Jordan an envelope containing Plaintiff's written objections to the Court's January 23, 2019 Findings and Recommendations for processing as legal mail under the prison regulations. Mr. Rodriguez states that the envelope was correctly addressed, and the envelope was properly marked with the word "LEGAL" on both sides of the envelope as required by prison regulations. Correctional Officer Jordan printed his name, signed his name, and date the back of the envelope as required by prison regulations and then placed the envelope in the mailbox designated for U.S. Mail. Mr. Rodriguez further asserts that, on February 12, 2019, Correctional Officer Ayon returned the envelope containing Plaintiff's objections to Mr. Rodriguez and stated that he had discovered the envelope on his desk. Correctional Officer Ayon stated that

3

there was no note explaining why the letter had not been mailed out days earlier.

Mr. Rodriguez further declares that, later on February 12, 2019, he spoke with Correctional Officer Jordan about what had transpired with the envelope containing Plaintiff's objections and Correctional Officer Jordan again printed and signed his name, dated the back of the envelope, and processed the envelope as legal mail. Mr. Rodriguez states that, on February 13, 2019, Correctional Officer Ayon returned the envelope containing Plaintiff's objections to Mr. Rodriguez for a second time and stated that he did not know why the envelope had not been mailed out.

In his opposition, Defendant Rojas contends that the Court should deny Plaintiff's motion for leave to file his objections late because Plaintiff has not established good cause for the late filing. (Doc. No. 39.) Specifically, Defendant asserts that the envelope containing Plaintiff's objections was properly returned both times because, even though Mr. Rodriguez is not an indigent inmate, Mr. Rodriguez improperly attempted to mail Plaintiff's objections in an envelope that is only supposed to be utilized by indigent inmates.

However, California Code of Regulations, title 15, § 3138(d) provides that, since "[i]ndigent envelopes issued to an inmate become their property[,]" an "inmate shall be allowed to utilize [indigent] envelopes [issued to them] regardless of [their] current financial status." As part of his reply, Plaintiff has presented the Court with evidence that, on February 1, 2019, Mr. Rodriguez was provided with twenty indigent envelopes and that Mr. Rodriguez used one or more of these indigent envelopes to mail Plaintiff's objections to the Court on February 6, 2019. (Doc. No. 40, at 4-7, 9.) Therefore, even if Mr. Rodriguez no longer qualified as an indigent inmate on February 6, 2019, Mr. Rodriguez was still entitled under Section 3138(d) to use the indigent envelopes that had been issued to him on February 1, 2019 to mail out Plaintiff's objections on February 6, 2019. Therefore, Defendant has not established that the envelope containing Plaintiff's objections submitted for mailing on February 6, 2019 was properly rejected and returned to Mr. Rodriguez.

Pursuant to the prison mailbox rule, a pleading, motion, or other document filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights

actions).  Since Plaintiff has established that the envelope containing his objections was delivered to Correctional Officer Jordan for mailing to this Court on February 6, 2019, the Court finds that Plaintiff's objections to the Court's January 23, 2019 Findings and Recommendations were timely filed and are addressed below.  Consequently, Plaintiff's motion for leave to file objections late for good cause, (Doc. No. 37), is denied as moot.

B. Plaintiff's Objections to the Court's January 23, 2019 Findings and Recommendations

In his objections to the Court's January 23, 2019 Findings and Recommendations, Plaintiff asserts that the Court is mistaken when it asserted that Plaintiff did not comply with either the Court's October 24, 2018 order or the Court's December 27, 2018 order.  Jose Rodriguez, the inmate assisting Plaintiff with this case, stated in his declaration that, on November 23, 2018 and on January 7, 2019, he served the Court with Plaintiff's request for a subpoena duces tecum for documents from Pleasant Valley State Prison in order to identify Officer Doe # 3 by mailing the requests to the Court utilizing the established prison procedures for legal mail.  (Doc. No. 38, at 5-6.)  Both Plaintiff and Mr. Rodriguez state that they do not know why the Court has apparently not received Plaintiff's mailed requests for a Rule 45 subpoena.

Since Plaintiff has submitted evidence that he mailed two separate requests for a Rule 45 subpoena in response to the Court's October 24, 2018 and December 27, 2018 orders and Plaintiff has made a third request for a Rule 45 subpoena in his objections, the Court finds it appropriate to vacate the Court's pending Findings and Recommendations, issued on January 23, 2019.  (Doc. No. 33.)

C. Plaintiff's Request for a Rule 45 Subpoena

In his objections to the Court's January 23, 2019 Findings and Recommendations, Plaintiff requests that the Court issue an order directing the California Department of Corrections and Rehabilitation, the Warden of an unnamed prison, but presumably Pleasant Valley State Prison ("PVSP"), or the Custodian of Records of an unnamed prison, but presumably PVSP, to produce: (1) the Master Assignment Roster for PVSP Receiving and Release ("R&R") officers for May 16, 2016, (2) the Daily Time Sheet for PVSP R&R officers for May 16, 2016, and (3) the Daily Activity

5

| | |
|---|---|
| 1 | Report for PVSP R&R officers for May 16, 2016. Plaintiff asserts that, through the assistance of |
| 2 | others, he has tried to obtain the officer's name or the information necessary to obtain the officer's |
| 3 | name, but he has been unable to discover the officer's identity. |

    1. *Legal Standards*

Federal Rule of Civil Procedure 45 permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to Fed. R. Civ. P 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Read together, Rules 26, 34, and 45 mean that, upon a sufficient showing of the importance of the information, the Court may grant a motion or request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to Plaintiff's claims or defenses, is not burdensome, and is not within Plaintiff's reasonable access.

    2. *Analysis*

Here, Plaintiff has not met the standards for issuing a Rule 45 subpoena. Specifically, Plaintiff has failed to establish that he has fully exhausted all the resources that are available to him in his effort to obtain the identity of Officer Doe # 3 without court intervention. In his declaration, Jose Rodriguez, who is assisting Plaintiff because Plaintiff's "English is limited," states that he has queried custodial officers, sergeants, and a lieutenant about how to find the officer's name, but, each time, he was told that the name was private information that they could not divulge.

However, Plaintiff has failed to state that he reviewed his central file to see if there were any incident reports or other chronos from May 16, 2016 that either identified Officer Doe # 3 or any other person who might have information about the identity of Officer Doe # 3.  Further, while Mr. Rodriguez has stated that he has asked various prison officers about how to find the officer's name, Plaintiff has failed to establish that he has submitted any written requests for the officer's name or any written requests for the documents that he seeks production of in this motion and that those written requests were denied or not responded to.  Finally, now that discovery is open, Plaintiff can serve discovery requests seeking the identity of Officer Doe # 3, the production of the documents sought in this request, or information that may lead to the identity of Officer Doe # 3 from Defendant Rojas.  Therefore, Plaintiff's request for a Rule 45 subpoena will be denied.

Nevertheless, the Court finds that Plaintiff is diligently attempting to comply with the Court's orders to amend his complaint to name Officer Doe # 3 or file a request for a Rule 45 subpoena.  Thus, Plaintiff shall be permitted an additional forty-five (45) days from the date of service of this order to either file a motion to amend his complaint to substitute the identity of Officer Doe # 3 or file a renewed motion for a Rule 45 subpoena.  Any renewed motion for a Rule 45 subpoena must specifically: (1) describe the non-party (person or entity) that the subpoena will be directed to, (2) describe the documents, electronically stored information, or tangible things sought by Plaintiff, (3) describe the efforts that Plaintiff undertook to obtain the information without court intervention, and (4) make a showing that the desired documents, information, or things are only obtainable through the identified non-party.

**III. Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file objections late for good cause, (Doc. No. 37), is DENIED as moot.
2. The Findings and Recommendations issued on January 23, 2019, (Doc. No. 33), are VACATED;
3. Plaintiff's request for a Rule 45 subpoena, (Doc. No. 38), is DENIED, without prejudice.

4. Within **forty-five (45) days** of the date of service of this order, Plaintiff shall either:
    a. File a motion for leave to amend his second amended complaint to substitute the identity of Officer Doe # 3; or
    b. File a renewed motion for a Rule 45 subpoena to obtain the information necessary to identify Officer Doe # 3; and

5. <u>Plaintiff is warned that his failure to comply with this order will result in a recommendation to the District Judge to dismiss Officer Doe # 3 from this action.</u>

IT IS SO ORDERED.

Dated: **July 2, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE