**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO MARTINEZ, | Case No. 1:16-cv-01467-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT OFFICER DOE # 3 FOR FAILURE TO SERVE WITH PROCESS |
| v. | |
| F. ROJAS, et al. | (ECF No. 51) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.      Introduction**

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action currently proceeds against Registered Nurse F. Rojas and Officer Doe # 3 for deliberate indifference in violation of the Eighth Amendment.  (ECF No. 24.)  Officer Doe # 3 is described in Plaintiff's second amended complaint as a receiving and release officer employed at Pleasant Valley State Prison on May 16, 2016.  (ECF No. 22, at 3, 9.)

On October 24, 2018, the Court issued an order advising Plaintiff on his duty to identify Officer Doe #3 for service of process, with information and the applicable rules as guidance. (ECF No. 29.)  In addition, the Court ordered Plaintiff to provide, within forty-five (45) days, a motion for leave to amend his pleading to substitute the identify of Officer Doe #3, or a request to obtain the information necessary to identify Officer Doe #3.  (Id. at 3-4.)  That deadline passed,

1    and Plaintiff did not comply with the Court's order or otherwise communicate with the Court.

2         On December 27, 2018, the Court issued an order directing Plaintiff to, within fourteen

3    (14) days from the date of service of the order, either file a motion for leave to amend his

4    pleading to substitute the identify of Officer Doe # 3, file a request to obtain the information

5    necessary to identify Officer Doe # 3, or show cause in writing why Officer Doe # 3 should not

6    be dismissed from the action.  (ECF No. 32.)  After Plaintiff failed to comply with the Court's

7    order, on January 23, 2019, the Court issued findings and recommendations recommending that

8    Officer Doe # 3 be dismissed, without prejudice, for the failure to serve with process pursuant to

9    Federal Rule of Civil Procedure 4(m).  (ECF No. 33.)  On February 19, 2019, Plaintiff filed

10   objections to the January 23, 2019 findings and recommendations and a motion for leave to file

11   late objections for good cause.  (Doc. Nos. 37, 38.)

12        On July 2, 2019, the Court issued an order denying as moot Plaintiff's leave to file late

13   objections, vacating the January 23, 2019 findings and recommendations, and denying, without

14   prejudice, Plaintiff's request for a Federal Rule of Civil Procedure 45 subpoena.  (ECF No. 51.)

15   The Court ordered Plaintiff to file, within forty-five days from the date of service of the order,

16   either a motion for leave to amend his second amended complaint to substitute the identity of

17   Officer Doe # 3 or a renewed motion for a Rule 45 subpoena to obtain the information necessary

18   to identify Officer Doe # 3.  (Id. at 8.)  Finally, Plaintiff was expressly warned that his failure to

19   comply with the Court's order would result in a recommendation to the District Judge to dismiss

20   Officer Doe # 3 from this action.  (Id.)

21        More than forty-five days have passed since the Court's July 2, 2019 order was served,

22   and Plaintiff has not complied with the Court's order or otherwise communicated with the Court.

23   **II.     Discussion**

24        Pursuant to Federal Rule of Civil Procedure 4(m):

25        If a defendant is not served within 90 days after the complaint is filed, the court—
     on motion or on its own after notice to the plaintiff—must dismiss the action without
26        prejudice against that defendant or order that service be made within a specified
     time.  But if the plaintiff shows good cause for the failure, the court must extend the
27        time for service for an appropriate period.

28

1    Fed. R. Civ. P. 4(m).  In cases involving a plaintiff proceeding *in forma pauperis*, a United States

2    Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P.

3    4(c)(3).  "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she

4    'provide[s] the necessary information to help effectuate service' a prisoner 'should not be

5    penalized by having his or her action dismissed … where the U.S. Marshal … has failed to

6    perform the duties required of … them[.]"  Schrubb v. Lopez, 617 F. App'x 832, 832 (9th Cir.

7    2015) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds

8    by Sandin v. Connor, 515 U.S. 472 (1995)).   However, where a *pro se* plaintiff fails to provide

9    the Marshal with accurate and sufficient information to effect service of the summons and

10   complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate.  Walker v.

11   Summer, 14 F.3d 1415, 1421–22 (9th Cir. 1994), overruled on other grounds by Sandin, 515 U.S.

12   at 483-84.

13        Although a claim against a Doe defendant may be sufficient to survive screening, the Doe

14   defendant must be identified and served with a summons and complaint in order for an action to

15   proceed against that party.  This cannot be done without Plaintiff's cooperation.  Here, Plaintiff

16   has been granted multiple opportunities to provide sufficient information to identify Defendant

17   Officer Doe # 3, so that the United States Marshal may serve the summons and complaint on

18   them.  However, Plaintiff has failed to identify Defendant Officer Doe # 3 or file a motion for a

19   Rule 45 subpoena so that he can obtain the information necessary to identify Officer Doe # 3,

20   despite repeated warnings that failure to do so would result in the dismissal of Officer Doe # 3.

21   In addition, Plaintiff has failed to set forth any explanation demonstrating good cause for his

22   failure to identify Defendant Officer Doe # 3.

23   **III.    Recommendation**

24        Accordingly, the Court HEREBY RECOMMENDS that Defendant Officer Doe # 3 be

25   dismissed for the failure to serve with process, without prejudice, pursuant to Federal Rule of

26   Civil Procedure 4(m).

27        These findings and recommendation will be submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

3

**(14) days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 13, 2019**                   /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE