# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. ROJAS,<br><br>　　　　　Defendant. | Case No. 1:16-cv-01467-DAD-BAM (PC)<br><br>ORDER VACATING JANUARY 24, 2020 ORDER TO SHOW CAUSE<br><br>(ECF No. 62)<br><br>ORDER GRANTING PLAINTIFF A THIRD EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 64)<br><br>ORDER REQUIRING DEFENDANT ROJAS TO RE-SERVE THE SEPTEMBER 10, 2019 MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF WITHIN SEVEN DAYS<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Antonio Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 10, 2019, Defendant F. Rojas filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 52.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir.1988). (ECF No. 52-1.)

On October 9, 2019, the Court granted Plaintiff a thirty-day extension of time to file an opposition to Defendant's summary judgment motion. (ECF No. 55.) However, Plaintiff failed to file an opposition within the allotted time. Therefore, on November 21, 2019, the Court issued an order directing Plaintiff to file an opposition, or a statement of non-opposition, to Defendant's motion for summary judgment within twenty-one days from the date of service of the order. (ECF No. 57.)

In response to the Court's November 21, 2019 order, Plaintiff filed a motion for a second extension of time. (ECF No. 58.) On December 9, 2019, the Court granted Plaintiff a second thirty-day extension of time to file an opposition to Defendant's summary judgment motion. (ECF No. 59.)

However, Plaintiff failed to file an opposition, or a statement of non-opposition, to Defendant's motion for summary judgment within the allotted time. Therefore, on January 24, 2020, the Court issued an order to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's October 9, 2019, November 21, 2019, and December 9, 2019 orders, and failure to prosecute. (ECF No. 64.) The order to show cause also informed Plaintiff that he could comply with the order by filing an opposition, or statement of non-opposition, to Defendant's summary judgment motion. (Id. at 2.)

On February 13, 2020, Plaintiff timely filed a document titled "Opposition to Defendant's Summary Judgment." (ECF No. 64.) In his document, Plaintiff states that he cannot possibly litigate the issues presented against him because he lacks a copy of the September 10, 2019 motion for summary judgment filed by Defendant Rojas and because he does not have his entire medical record, including any documentation proving that he exhausted the medical 602 process at the highest level. (Id. at 1-2.) Therefore, the Court construes Plaintiff's "Opposition" as a motion for a third extension of time to file a substantive opposition to Defendant's motion for summary judgment.

Since Plaintiff states that he does not have a copy of Defendant's September 10, 2019 motion for summary judgment and that he does not have all of the medical records that he believes are necessary to oppose the Defendant's summary judgment motion, the Court finds that

1 | the interest of justice requires that the Court vacate the January 24, 2020 order to show cause and
2 | grant Plaintiff a third thirty (30) day extension of time.  Additionally, the Court orders Defendant
3 | to re-serve Defendant's September 10, 2019 motion for summary judgment on Plaintiff at
4 | Plaintiff's address of record.
5 |       Finally, to the extent that Plaintiff needs specific discovery in order to address the issues
6 | raised in Defendant's exhaustion-based summary judgment motion, then Plaintiff is entitled to
7 | obtain exhaustion-related discovery before having to file a substantive response to Defendant's
8 | summary judgment motion.  Fed. R. Civ. P. 56(d); Albino v. Baca, 747 F.3d 1162, 1170-71 (9th
9 | Cir. 2014) (*en banc*).  If Plaintiff needs a further extension of time of his deadline because he
10 | needs to obtain the portions of his medical record that he currently does not have through
11 | discovery in order to oppose Defendant's summary judgment motion, Plaintiff's request for an
12 | extension of time must comply with the requirements of Federal Rule of Civil Procedure 56(d).
13 | In order to obtain an extension of time or a continuance pursuant to Rule 56(d), Plaintiff must
14 | "identify by affidavit [or declaration] the specific facts that further discovery would reveal, and
15 | explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of San
16 | Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Put another way, Plaintiff must identify the
17 | specific, relevant evidence that he needs – for example, what document or portions of his medical
18 | record that he is missing – and then Plaintiff must clearly explain how that specific evidence
19 | would preclude summary judgment.
20 |       Additionally, Plaintiff's affidavit or declaration must also disclose what Plaintiff has done,
21 | or what efforts he has made, to attempt to obtain the specific relevant evidence that he needs to
22 | properly oppose Defendant's summary judgment motion.  Bank of America, NT & SA v.
23 | PENGWIN, 175 F.3d 1109, 1118 (9th Cir. 1999) (a party seeking a continuance under Rule 56(d)
24 | must also show that it diligently pursued its previous discovery opportunities).  For example, if
25 | Plaintiff wants to obtain documents from his medical records, Plaintiff needs to explain what he
26 | has already done to obtain those documents before he filed his request for a further extension of
27 | time to oppose Defendant's summary judgment motion.
28 | ///

**Any further requests for extensions of time, without the supporting factual basis as outlined in this order, will be denied and the motion decided on the merits.**

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause issued on January 24, 2020, (ECF No. 62), is VACATED;
2. Defendant is directed to re-serve his September 10, 2019 motion for summary judgment, (ECF No. 52), on Plaintiff at his address of record, and file a proof of re-service, within **seven (7) days** from the date of service of this order;
3. Plaintiff is granted **thirty (30) days**, running from the date of re-service of Defendant's motion for summary judgment, to file an opposition, or statement of non-opposition, to Defendant's motion for summary judgment; and
4. <u>Plaintiff is warned that failure to comply with this order will result in a recommendation to the District Judge that this action be dismissed for failure to obey court orders and failure to prosecute.</u>

IT IS SO ORDERED.

Dated: **February 19, 2020**      /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4