# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>ROJAS, *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-01467-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION<br>(ECF No. 61)<br><br>ORDER GRANTING MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 67) |

Plaintiff Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Rojas for deliberate indifference in violation of the Eighth Amendment.

On September 10, 2019, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies with respect to the allegations asserted in this action. (ECF No. 52.) Following multiple extensions of time, Plaintiff filed his opposition on March 30, 2020. (ECF No. 68.) Defendant's reply is due on or before April 7, 2020.[1]

---

[1] Though Plaintiff's opposition was filed on March 30, 2020, the opposition was not entered on the docket until March 31, 2020. (ECF No. 68.) The Court notes that Defendant has until seven (7) days after the opposition has been filed in CM/ECF to serve and file a reply. Local Rule 230(l).

1

Pursuant to the Court's June 12, 2019 Discovery and Scheduling Order, the deadline for the completion of all discovery was February 12, 2020, and the deadline for filing all dispositive motions is April 20, 2020. (ECF No. 50.)

On December 12, 2019, Defendant filed a motion to stay discovery pending resolution of the motion for summary judgment on the issue of exhaustion, or in the alternative, a modification of the discovery and scheduling order extending the discovery and dispositive motion deadlines by an additional sixty days. (ECF No. 61.) Plaintiff did not file a response. On March 30, 2020, Defendant filed a motion to modify the Court's discovery and scheduling order to vacate the discovery and dispositive motion deadlines to be reset after resolution of the pending motion for summary judgment for failure to exhaust. (ECF No. 67.) Plaintiff has not had an opportunity to file a response, but the Court finds a response unnecessary. The motions are deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

In the two motions, Defendant argues that modification of the scheduling order is appropriate because Defendant has been diligent in moving the case forward. The pending motion for summary judgment for failure to exhaust could resolve the case in its entirety, and Plaintiff's multiple extensions of time to file his opposition have extended his responsive deadline beyond the close of discovery and near the dispositive motion deadline. Further, no discovery has yet been conducted by any party. As additional discovery and dispositive motions might be unnecessary in light of the pending motion for summary judgment, modification of the Court's scheduling order will facilitate efficient resolution of this action. (ECF Nos. 61, 67.)

Having considered Defendant's moving papers, the Court finds good cause to continue the discovery and dispositive motion deadline in this action. Defendant has been diligent in filing the

dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits discovery or the filing of unnecessary dispositive motions. Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines if necessary following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay discovery, (ECF No. 61), is GRANTED;
2. Defendant's motion to modify discovery and scheduling order, (ECF No. 67), is GRANTED;
3. The discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **April 1, 2020**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE