# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTONIO MARTINEZ, | Case No. 1:16-cv-01467-BAM (PC) |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | (ECF No. 52) |
| ROJAS, | |
| Defendant. | |

Plaintiff Antonio Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant RN Rojas for deliberate indifference in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 76.)

On September 10, 2019, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies with respect to the allegations asserted in this action. (ECF No. 52.) Following multiple extensions of time, Plaintiff filed his opposition on March 30, 2020. (ECF No. 68.) Defendant's reply was filed on April 2, 2020. (ECF No. 70.) Discovery has been stayed pending resolution of the motion for summary judgment on the issue of exhaustion.[1]

---

[1] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

# LEGAL STANDARD

## A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. at 741, and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

## B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each

party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

## DISCUSSION

**A.     Summary of CDCR's Administrative Appeal Process** - **Prior to June 2020**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

///

///

1    Prior to June 2020,[2] the California Department of Corrections and Rehabilitation
2  ("CDCR") permitted its prisoners the right to administratively appeal any departmental decision,
3  action, policy, omission, or condition that has an adverse material effect on the inmate's welfare.
4  When filing appeals, inmates have to follow the procedures set forth in Title 15, sections 3084.1
5  through 3085 of the California Code of Regulations. Cal. Code Regs. tit. 15, §§ 3480–3085
6  (repealed eff. June 1, 2020), 3480–3487 (eff. June 1, 2020). Inmates were required to "submit the
7  appeal within 30 calendar days of: (1) The occurrence of the event or decision being appealed, or;
8  (2) Upon first having knowledge of the action or decision being appealed, or; (3) Upon receiving
9  an unsatisfactory departmental response to an appeal filed." *Id.*, § 3084.8(b)(1)-(3).

10   Under Title 15, a prisoner procedurally exhausts his appeal by receiving a decision at the
11  third and final level of formal review. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7. During the time
12  period at issue, an inmate needed to complete all three steps to exhaust administrative remedies.

13    First, he had to submit an Inmate/Parolee Appeal Form 602 ("First Level Appeal") to the
14  appeals coordinator of the prison where his claims arose. If the inmate did not receive adequate
15  relief at the first level, he had to submit a second level appeal to the prison's hiring authority, i.e.,
16  the warden or someone designated by the warden ("Second Level Appeal"). If the inmate did not
17  receive adequate relief at the second level, he had to submit a third level appeal to the Office of
18  Appeals in Sacramento ("Third Level Appeal"). "The third level of review exhaust[ed]
19  administrative remedies." *Id.*, §§ 3084.2(a)-(d), 3084.7.

20    In addition to being granted or denied on the merits, if an appeal was procedurally
21  defective, it could be rejected with "clear and sufficient instructions" on how to fix the appeal, or
22  cancelled entirely. Id., § 3084.6. A prisoner was required to appeal a cancellation to exhaust
23  administrative remedies. *Id.*, §§ 3084.1(b), 3084.6(e).

24  **B.    Summary of Allegations Underlying Plaintiff's Claims**

25    Plaintiff alleges Defendant RN Rojas provided inadequate medical care by failing to
26  prescribe him any pain relief medication, bandages, or a referral to see a primary care physician

---

[2] CDCR's grievance procedures changed in 2020. The regulations described in this order are those that were in effect between 2016 and 2019.

4

(PCP) after he allegedly fell on a bus while being transported to Pleasant Valley State Prison ("PVSP") on May 16, 2016. Plaintiff further alleges that RN Rojas failed to indicate that Spanish is Plaintiff's primary language and that RN Rojas did not properly document Plaintiff's primary language.

**C.     Statement of Undisputed Facts**[3]

Defendant states that Plaintiff submitted two non-health care appeals. He submitted a CDCR Inmate Appeal 602 dated September 10, 2016 concerning staff misconduct, assigned Appeal Log No. PVSP-D-16-01106 ("Appeal 01106"). (UF ¶2.) Appeal 01106 was cancelled for failure to comply with time constraints. (UF ¶3.) Plaintiff was informed that he could file a separate appeal regarding the cancellation, which Plaintiff did. Plaintiff's appeal of the cancellation was assigned the new Appeal Log No. PVSP-D-16-01163 ("Appeal 01163"), but was initially rejected because Plaintiff did not provide reasons he was challenging the cancellation of Appeal 01106. (UF ¶¶ 6, 7.)

Plaintiff resubmitted Appeal 01163, and the first level was by passed. (UF ¶9.) The second level denied Appeal 01163 on November 16, 2016 for failure to meet time constraints. (UF ¶10.) Plaintiff submitted Appeal 01163 to the Office of Appeals, which rejected Plaintiff's appeal as incomplete and instructed Plaintiff to make various corrections to complete the appeal. (UF ¶¶12, 13.) Since January 25, 2019, the Office of Appeals has not received or accepted Appeal 01163. (UF ¶14.) And, like Appeal 01163, Appeal 01106 remains cancelled and has not been reinstated. (UF ¶15.)

Plaintiff submitted two health care appeals, Appeal Log No. PVSP HC 16052060, dated September 29, 2016 ("Appeal 16052060") and Appeal Log No. PVSP HC 16052095 ("Appeal 16052095"). (UF ¶¶ 16, 17.) For the first health care appeal, Appeal 16052060 was cancelled on October 14, 2016, for failure to comply with time constraints. (UF ¶ 18.) Plaintiff resubmitted

---

[3] Hereinafter referred to as "UF." These facts are taken primarily from Defendant's Statement of Undisputed Material Facts. (ECF No. 52-3.) Plaintiff has failed to file a separate document in response to defendant's statement of undisputed facts that identifies which facts are admitted and which are disputed, as required by Local Rule 260(b). In light of Plaintiff's pro se status, however, the Court considers the record before it in its entirety despite Plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered.

1  Appeal 16052060 to the second level of review, which was cancelled on November 17, 2016.
2  (UF ¶¶ 19, 20.) Appeal 16052060 remains cancelled, and Plaintiff has never reinstated the appeal.
3  (UF ¶ 21.)

4  For the second health care appeal, Appeal 16052095 submitted on November 3, 2016, was
5  cancelled on November 14, 2016. (UF ¶¶22, 23.)  Appeal 16052095 remains cancelled, and
6  Plaintiff has never reinstated the appeal. (UF ¶24.)

**D.      Parties' Position in the Motion**

      1.      Defendant's Motion

Defendant argues that Plaintiff failed to exhaust his administrative remedies under the PLRA. Each of Plaintiff's different appeals was untimely as exceeding the thirty-day time limit. Plaintiff filed an appeal challenging the cancellation of his non-health care appeal, Appeal 01106, but did not complete all levels of review to challenge the cancellation, failed to make the mandatory corrections or submit to the third level of review.  Both of Plaintiff's health care appeals were cancelled as untimely, and Plaintiff did not appeal their cancellation.

Plaintiff argues that he is not required to respond because he submitted request for Office of Internal Affairs investigations of staff misconduct within six months of an incident.  However, review by the Office of Internal Affairs is separate and apart from the administrative remedies contemplated and required under the PLRA.

Further, to the extent that Plaintiff seems to suggest within his Second Amended Complaint he was unable to submit his 602 due to the lack of records from CDCR, such allegations are without merit. Plaintiff did not submit a general request for medical records until August 26, 2016, and did not submit a specific request for records from May 16, 2016 until September 15, 2016—nearly four months to day after the incident at issue.

      2.      Plaintiff's Opposition

Plaintiff states that he took all of the filed complaints to the highest level of exhaustion available, citing Exh. B to the opposition.[4] (ECF No. 68 p. 1–2.)  Plaintiff argues that he

---

[4] Exhibit B to the opposition is a letter dated December 29, 2016 regarding Appeal 1605601 from the Office of Appeals stating that the Office acts as the third level of review and that "[y]our appeal has been rejected pursuant to the California Codes of Regulations, Title 15, section (CCR) 3084.6(b)(13). **The appeal is incomplete**." (emphasis

1   "continued with his 602 process in the medical division of the prison appeal process," citing Exh.
2   C to the opposition.[5]

3   Plaintiff argues that he is not well educated and speaks very little English.  He states he
4   lost some of his documents in his transfer from PVSP and lost "many of his failed attempts to file
5   his appeal in the state prison" where he was denied medical exams.  He has asked family
6   members to assist him get his files, and requested an Olsen review of his medical files.

7   Plaintiff denies all the Defendant's reasons for summary judgment.  Plaintiff did not fail to
8   take his medical complaint to the highest level of exhaustion.  As shown in Exhibit C, Plaintiff
9   took his complaints to the highest level.

10         3.      Defendant's Reply

11   Plaintiff alleges RN Rojas provided inadequate medical care by failing to prescribe him
12   with any pain relief medication, bandages, or a referral to see a primary care physician (PCP)
13   after he fell on a bus while being transported to Pleasant Valley State Prison (PVSP) on May 16,
14   2016. (ECF No 70.)

15   In his opposition, Plaintiff states that he continued to submit appeals regarding his medical
16   care following his interaction with RN Rojas on May 16, 2016. But he has presented no evidence
17   that he submitted timely appeals.  He may have submitted timely appeals regarding on-going
18   medical care, but those appeals do not satisfy Plaintiff's obligations to exhaust his administrative
19   remedies as to Defendant RN Rojas. Plaintiff attaches responses to Appeal Log No. PVSP-H-17-
20   52148. However, this appeal was submitted on February 2, 2017, almost a year after the incident
21   at issue.

22   All of the appeals relating to the allegations in the lawsuit were untimely and far exceeded
23   the thirty-day time limit.  (UF ¶¶ 2, 12-16.) The appeals were appropriately screened out and
24   Plaintiff did not successfully challenge any cancellation of an appeal.

---

added.)  (ECF No. 68, p.6.)

[5] Exhibit C is letter dated August 21, 2017 regarding Appeal 17052148 from the California Correctional Health Care Services stating that Plaintiff "appeal is denied.  This decision exhausts your administrative remedies." (ECF No. 68, p.7.)  This appeal, however, appears to be unrelated to the appeals at issue in this case and appears to be for a different complaint: one where Plaintiff requested an MRI scan and to be seen by an orthopedic specialist for foot pain.

Plaintiff asserts that he does not have possession of his medical records. But lack of medical records does not create an issue of fact. Documentation of medical visits would, at most, go to the merits of Plaintiff's claim, not to exhaustion of remedies.

**E.     Analysis of Motion**

Plaintiff does not dispute that Defendant properly identified the applicable grievances/appeals Plaintiff filed related to the allegations in the complaint. Defendant identified four appeals in total: two non-health care appeals and two health care appeals. Plaintiff does not dispute that these are the appeals at issue. While Plaintiff identifies Exhibit C to the opposition, which is a letter of an appeal that was exhausted, the appeal identified in Exhibit C is for an entirely different, unrelated grievance. Therefore, whether he exhausted the appeal in Exhibit C does not raise an issue of fact as to the appeals submitted for claims against Defendant RN Rojas.

The undisputed evidence shows that Plaintiff has failed to exhaust his administrative remedies against defendant RN Rojas. None of the grievances filed by Plaintiff during the relevant time period, (Appeal 01106, Appeal 01163 or the health care appeals Appeal 16052060 and Appeal 16052095), were exhausted through the third level of review. They were either rejected or cancelled as time barred. (UF ¶¶14, 15, 21, 24.)

The Court agrees with Defendant that possession of Plaintiff's medical records does not undermine the evidence of Plaintiff's failure to exhaust his administrative remedies. Documentation of medical visits would, at most, go to the merits of Plaintiff's claim, not to exhaustion of remedies.

Plaintiff argues that he was not required to respond to the cancellations and rejections because he submitted requests for Office of Internal Affairs investigations of staff misconduct within six months of an incident. However, review by the Office of Internal Affairs is separate and apart from the administrative remedies contemplated and required under the PLRA. *See*, *e.g.*, *Bokin v. Davis*, No. C 01-2496 CRB (PR), 2003 WL 21920922, at *3 (N.D. Cal. 2003) (Internal Affairs investigations are separate and distinct from grievance procedures).

The Court therefore GRANTS summary judgment in favor of Defendant Rojas for failure to exhaust administrative remedies.

# **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for summary judgment, (ECF No. 52), is GRANTED;
2. This action is DISMISSED, without prejudice, for failure to exhaust administrative remedies; and
3. The Clerk of the Court is DIRECTED to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **January 30, 2024**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE